# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**PROFRAC SERVICES, LLC,**

    **Plaintiff,**

                                                    **Civil Action 2:21-cv-4313**

    v.                                        **Magistrate Judge Elizabeth P. Deavers**

**NACELLE LOGISTICS, LLC,**

    **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Motion to Dismiss Complaint (ECF No. 26 (the "Motion to Dismiss")), based upon the parties' full consent. (28 U.S.C. § 636, ECF No. 25.) For the reasons that follow, the Motion to Dismiss (ECF No. 26) is **GRANTED**.

### I. BACKGROUND

Plaintiff ProFrac Services, LLC ("ProFrac") initiated this action on September 1, 2021, by filing a Complaint asserting claims against Defendant Nacelle Logistics, LLC ("Nacelle") for (1) Negligence & Gross Negligence and (2) Breach of Contract. (ECF No. 1.) Generally speaking, ProFrac alleges that it is a company that operates hydraulic-fracturing ("frac'ing") equipment to increase oil and natural gas flow from petroleum-bearing rock formations to well sites, and that Nacelle provides fuel-distribution and conditioning services to well operators and their contractors, including ProFrac, at oil and natural gas well sites. (*Id.* at PAGEID ## 1-2, ¶¶ 3-7.) ProFrac further alleges that a third party, EAP Operating, LLC ("Encino"), hired ProFrac to provide frac'ing services at a well site in Jefferson County, Ohio, and that Encino also hired Nacelle to provide fuel-distribution and conditioning services to Encino and its contractors,

including ProFrac, at that well site. (*Id.* at PAGEID # 2, ¶¶ 11-12.) ProFrac then alleges, upon information and belief, that "the terms of the services that Nacelle agreed to provide to Encino and its contractors, including ProFrac, are set forth in a Master Services Agreement or 'MSA,'" which obligated Nacelle to "perform its services in a workmanlike manner and in accordance with industry standards." (*Id.* at ¶ 13.) ProFrac further alleges that "[t]he MSA also indicates that Nacelle's services are performed for the benefit of Encino and its contractors, including ProFrac." (*Id.*)

As for its alleged injury, ProFrac alleges that Nacelle failed to ensure that its equipment was functioning properly, which resulted in Nacelle's equipment delivering "contaminated gas" and "liquid and other foreign substances" from Encino's pipeline into ProFrac's engines on two separate occasions in June 2020 and July 2020. (*Id.* at PAGEID ## 3-4, ¶ 14 (Alleging that "Nacelle connected its . . . equipment to Encino's pipeline and also the fuel intakes on the engines of ProFrac's frac'ing equipment"), ¶ 21 (alleging that "ProFrac's engines received an oversupply of liquid and other foreign substances" from Encino's pipeline), ¶ 23 (alleging that Nacelle's equipment "delivered contaminated gas" from Encino's pipeline). ProFrac alleges that as a result of those incidents, "ProFrac spent substantial time and money repairing and replacing damaged engines," including payments to a third-party vendor "to remedy damage to its engines caused by Nacelle." (*Id.* at PAGEID # 5, ¶¶ 27-28.)

On March 18, 2022, Nacelle filed the subject Motion to Dismiss. (ECF No. 26.) On April 8, 2022, ProFrac filed a response in opposition (ECF No. 28 (the "Opposition")), and on April 22, 2022, Nacelle filed a reply in support (ECF No. 29 (the "Reply")). The Motion to Dismiss is therefore ripe for judicial review.

## II. ANALYSIS

Nacelle seeks dismissal of ProFrac's Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(b)(7). (ECF No. 26.) As discussed below, the Court finds that Nacelle's argument under Rule 12(b)(7) is well taken. This finding obviates the need for in-depth analysis of the remaining issues. Accordingly, the Court will only analyze dismissal under Rule 12(b)(7).

Nacelle moved to dismiss under Rule 12(b)(7) for failure to join Encino as an indispensable party as required by Rule 19. (ECF No. 26 at PAGEID ## 70-73.) Rule 19(a)(1) provides in pertinent part as follows:

> A person who is subject to service of process . . . must be joined as a party if:
>
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

Fed. R. Civ. P. 19(a)(1). The Sixth Circuit has set forth the following three-part test to determine whether a case must be dismissed for failure to join an indispensable party under Rule 19:

> First, the court must determine whether the person or entity is a necessary party under Rule 19(a). *See Temple v. Synthes Corp.,* 498 U.S. 5, 8, 111 S.Ct. 315, 112 L.Ed.2d 263 (1990) (establishing that Rule 19(b) inquiry is required only if party satisfies the threshold requirements of Rule 19(a)). Second, if the person or entity is a necessary party, the court must then decide if joinder of that person or entity will deprive the court of subject matter jurisdiction. *W. Md. Ry. Co. v. [Harbor Ins. Co.,* 910 F.2d 960, 961 (D.C.Cir.1990) ] ("If the absentee should be joined, can the absentee be joined?"); 4 *Moore's Federal Practice* § 19.02[3][b], at 19–18 ("If the absentee is necessary . . . the next question is whether joinder of the absentee is feasible."). Third, if joinder is not feasible because it will eliminate the court's

> ability to hear the case, the court must analyze the Rule 19(b) factors to determine whether the court should "in equity and good conscience" dismiss the case because the absentee is indispensable. *W. Md. Ry. Co.*, 910 F.2d at 961 ("If the absentee cannot be joined, should the lawsuit proceed without [him or] her nonetheless?"); 4 Moore's Federal Practice § 19.02[3][c], at 19–20 ("Once a necessary absentee's joinder is found infeasible, the court has only two options: to proceed or dismiss."). Thus, a person or entity "is only indispensable, within the meaning of Rule 19, if (1) it is necessary, (2) its joinder cannot be effected, and (3) the court determines that it will dismiss the pending case rather than proceed in the case without the absentee." 4 *Moore's Federal Practice* § 19.02[3][c], at 19–22.

*Glancy v. Taubman Centers, Inc.*, 373 F.3d 656, 666 (6th Cir. 2004). Accordingly, Nacelle argues that (1) Encino is a necessary party to this action; (2) joinder of Encino would deprive this Court of subject matter jurisdiction; and (3) the Court should in equity and good conscience dismiss the case. (ECF No. 26 at PAGEID ## 70-73.)

In response, ProFrac argues that "[b]ecause Encino is not a necessary party, the Motion to Dismiss should be denied." (ECF No. 28 at PAGEID ## 91-92.) In support of this position, ProFrac generally restates its allegations and submits that "ProFrac was not damaged by the gas provided by Encino." (*Id.* at PAGEID # 91.) ProFrac then argues that Encino is not a necessary party because ProFrac "does not assert any claim against Encino nor does it seek damages from Encino," and because "Encino has no interest in this action nor would its addition preclude Nacelle from liability." (*Id.* at PAGEID # 92.)

ProFrac's argument is both factually and legally flawed. First, from a factual standpoint, ProFrac's opposition is directly at odds with its own allegations which set forth that "contaminated gas" and "liquids and other foreign substances" from Encino's pipeline were "damaging substances" which entered ProFrac's engines:

> 14. To provide these services, **Nacelle connected its fuel-distribution and conditioning equipment to Encino's pipeline** and also the fuel intakes on the engines of ProFrac's frac'ing equipment.
>
> \*\*\*

4

21. Twice, once in June 2020 and again in July 2020, **ProFrac's engines received an oversupply of liquid and other foreign substances** from Nacelle's equipment.

22. Given that amount of liquid present, Nacelle's equipment should have shut off **such that contaminated gas was not delivered to ProFrac's engines.**

23. Nacelle's equipment, however, did not shut off and instead delivered **contaminated gas to ProFrac's engines**.

\*\*\*

25. If Nacelle had taken basic steps to ensure that its equipment functioned and maintained its equipment, **the damaging substances would not have entered ProFrac's engines**.

(ECF No. 1 at PAGEID ## 3-4, ¶¶ 14, 21-23, 25 (emphasis added).) Accordingly, any plain reading of ProFrac's Complaint implicates both Nacelle, for allegedly failing to maintain its equipment, and Encino, the alleged source of the "damaging substances . . . [which] entered ProFrac's engines" through Encino's pipelines. (*Id.*)[1]

ProFrac's legal argument is similarly improper. First, ProFrac's statement that Encino is not a necessary party because ProFrac "does not assert any claim against Encino nor does it seek damages from Encino" is irrelevant. If ProFrac had affirmatively asserted claims against Encino or sought damages from Encino, this issue would not be before the Court. Next, ProFrac's conclusion that Encino is not a necessary party because Encino's presence in this lawsuit would

---

[1] ProFrac also alleges that "pieces of Nacelle's filters were later located in ProFrac's engines," but ProFrac does not appear to allege that the pieces of Nacelle's filters caused any injury. (*Id.* at ¶ 24.) Instead, ProFrac alleges that "[t]he ***fluid and other substances*** that ProFrac's engines received from Nacelle's equipment caused substantial damage to ProFrac's engines." (*Id.* at PAGEID # 5, ¶ 26 (emphasis added).) ProFrac now argues that this allegation demonstrates Nacelle's culpability, *see* ECF No. 28 at PAGEID # 92. But even the generous reading of ProFrac's Complaint which includes the pieces of Nacelle's filters among the "other substances that ProFrac's engines received" cannot ignore the allegation that fluid from Encino's pipeline caused substantial damage to ProFrac's engines – not to mention the "contaminated gas" from Encino's pipeline that ProFrac repeatedly alleges was delivered to ProFrac's engines.

not "preclude Nacelle from liability" is similarly irrelevant, because it finds no support in Rule 19.[2]  The threshold question before the Court is not whether Encino has an interest in this action which could somehow preclude ProFrac from suing Nacelle, it is whether the Court can afford complete relief between the parties currently present.  Fed. R. Civ. P. 19(a)(1)(A).  And here, it cannot.  While ProFrac wants to frame this case solely as a failure of Nacelle's equipment, the Court simply cannot ignore that the Complaint also necessarily places Encino – the alleged provider of "contaminated gas" and "liquid and other foreign substances" which "caused substantial damage" to ProFrac's engines – at the center of ProFrac's alleged injury.  (*Id.*)  Accordingly, without Encino in this action, there cannot be a definitive determination of the source of ProFrac's alleged injury, and ProFrac may not receive complete relief.

ProFrac is also mistaken to suggest that Encino "has no interest in this action."  (ECF No. 28 at PAGEID # 92.)  In taking this position, ProFrac has failed to acknowledge, let alone rebut, the general rule that parties to a contract are indispensable parties in a breach of contract action.  *Norfolk S. Ry. Co. v. Baker Hughes Oilfield Operations, LLC*, 443 F. Supp. 3d 877, 883 (S.D. Ohio 2020) ("In general, the indispensable parties in a breach of contract action are the parties to the contract.") (quoting *Russian Collections, Ltd. v. Melamid*, No. 2:09-cv-300, 2009 WL 4016493, at *6 (S.D. Ohio Nov. 18, 2009)); *Eagle Realty Invs., Inc. v. Dumon*, No. 18-CV-362, 2019 WL 608830, at *2 (S.D. Ohio Feb. 13, 2019) ("In general, the required parties in a breach of contract action are the parties to the contract.") (citing *OneCommand, Inc. v. Beroth*, No. 1:12-CV-471, 2012 WL 3755614, at *2 (S.D. Ohio Aug. 29, 2012) (citing *Russian Collections*)).  ProFrac's failure to rebut this general rule is fatal to ProFrac's position, as the Court must

---

[2] ProFrac's less-than-one page response in opposition to Nacelle's Rule 12(b)(7) motion conspicuously fails to cite any legal authority in support.  (ECF No. 28 at PAGEID ## 91-92.)

otherwise extend this general rule to the subject matter. For these reasons, the Court concludes that Encino is a necessary party to this action.

The Court's inquiry need not go further, as ProFrac has waived the remainder of the Rule 12(b)(7) and Rule 19 analysis by failing to address any other arguments in its Opposition. *Humphrey v. U.S. Att'y Gen.'s Off.*, 279 F. App'x 328, 331 (6th Cir. 2008) ("[W]here, as here, plaintiff has not raised arguments in the district court by virtue of his failure to oppose defendants' motions to dismiss, the arguments have been waived.") (citing *Resnick v. Patton,* 258 Fed.Appx. 789, 790–91, n. 1 (6th Cir. 2007) (citing *Hood v. Tenn. Student Assistance Corp.,* 319 F.3d 755, 760 (6th Cir. 2003)); *Scott v. State of Tennessee,* 878 F.2d 382, 1989 WL 72470, at *2 (6th Cir. 1989)). Nevertheless, for the sake of completeness, the Court also finds that (i) joinder of Encino would deprive this Court of subject matter jurisdiction and (ii) the Court should in equity and good conscience dismiss the case. The Court will address these issues in turn.

First, the Court notes that ProFrac only alleges that the Court has subject matter jurisdiction under 28 U.S.C. § 1332. (ECF No. 1 at PAGEID # 2, ¶ 9.) Under that statute, the Court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between [ ] citizens of different States . . . ." 28 U.S.C. § 1332(a)(1). "It is well settled that as a matter of statutory construction, diversity of citizenship requires complete diversity between all plaintiffs on one side and all defendants on the other side." *Glancy*, 373 F.3d at 664 (citing *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68, 117 S.Ct. 467, 136 L.Ed.2d 437 (1996)).

Here, ProFrac alleges that it is a citizen of Texas. (ECF No. 1 at PAGEID # 1, ¶ 1.) Nacelle has conclusively shown,[3] however, that Encino also is a citizen of Texas. (ECF No. 26 at PAGEID ## 71-72 (citing ECF No. 27 at PAGEID ## 79-80, ¶¶ 8-12).) Specifically, Nacelle has demonstrated (and ProFrac has not contested) that Encino is a limited liability company which is a citizen of Delaware and Texas, due to a network of other limited liability companies and corporations which ultimately comprise the sole member of Encino.[4] (*Id.*; *see* ECF No. 27 at PAGEID # 80, ¶ 12 (Identifying Encino as "a citizen of Delaware and Texas").) This undisputed fact means that joining Encino would destroy diversity of citizenship in this action, as both ProFrac and Encino are citizens of Texas. *Caudill v. N. Am. Media Corp.*, 200 F.3d 914, 916 (6th Cir. 2000) ("Section 1332's congressionally conferred diversity jurisdiction has been interpreted to demand complete diversity, that is, that no party share citizenship with any opposing party.").

Accordingly, the Court "must analyze the Rule 19(b) factors to determine whether the court should 'in equity and good conscience' dismiss the case because [Encino] is indispensable." *Glancy*, 373 F.3d at 666 (internal citations omitted). Rule 19(b) sets forth the following factors for the Court to consider:

> If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

---

[3] "In determining whether Rule 19 requires the joinder of additional parties, the court may consider evidence outside the pleadings." *Hensley v. Conner*, 800 F. App'x 309, 312 (6th Cir. 2020) (citing *Citizen Band Potawatomi Indian Tribe of Okla. v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994)).

[4] "[L]imited liability companies have the citizenship of each partner or member." *Tharp v. Apel Int'l, LLC*, No. 21-6070, 2022 WL 2981770, at *2 (6th Cir. July 28, 2022) (citing *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 356 (6th Cir. 2010) (citation omitted)).

> (1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;
>
> (2) the extent to which any prejudice could be lessened or avoided by:
>
>> (A) protective provisions in the judgment;
>>
>> (B) shaping the relief; or
>>
>> (C) other measures;
>
> (3) whether a judgment rendered in the person's absence would be adequate; and
>
> (4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

Here, for many of the same reasons that the Court finds Encino to be a necessary party to this action, the Court also finds that the Rule 19(b) factors weigh in favor of dismissal. First, for example, the Court agrees with Nacelle that Nacelle may be prejudiced by a judgment rendered in this case in Encino's absence. As discussed above, the nature of ProFrac's allegations directly place both Encino and Nacelle at the center of ProFrac's alleged injury, and ProFrac implicates Encino's alleged MSA with Nacelle. At the very least, this means that Nacelle and Encino will remain subject to subsequent litigation arising out of the events in ProFrac's Complaint. Of course, Nacelle has a strong interest in avoiding multiple litigation over their alleged conduct. *Cooper v. Digital Processing Sys., Inc.*, 182 F.R.D. 242, 253 (N.D. Ohio 1998), *aff'd*, 215 F.3d 1342 (Fed. Cir. 1999) (finding that named Defendants "have an interest in avoiding multiple litigation over their alleged conduct" when "[a] decision rendered in [the third party's] absence would prejudice defendants since [the third party] could sue on the same alleged conduct in a later action.").

This finding is closely related to the analysis for the third Rule 19(b) factor, as a judgment rendered in Encino's absence likely would not be adequate given the allegations

ProFrac has asserted against Encino – thereby increasing the chance of subsequent litigation (and with it, potentially inconsistent findings or obligations). Given these concerns, the Court cannot imagine – and ProFrac does not propose – any ways in which Nacelle's prejudice could be lessened or avoided, for purposes of the second Rule 19(b) factor. Finally, as to the fourth Rule 19(b) factor, ProFrac has an obvious remedy if this action were dismissed for nonjoinder – it could refile this action in state court against both Nacelle and Encino. *Carter v. Deutsche Bank Nat'l Tr. Co.*, No. 16-4163, 2017 WL 4740570, at *4 (6th Cir. Aug. 30, 2017) (Finding that "[Plaintiff] has an adequate remedy in state court."); *PaineWebber, Inc. v. Cohen*, 276 F.3d 197, 205 (6th Cir. 2001) ("The final factor under Rule 19(b) . . . favors dismissal, because the state court presents an alternative forum in which [Plaintiff] can bring his claims."); *Morelli v. Morelli*, No. C2-00-988, 2001 WL 1681119, at *5 (S.D. Ohio Sept. 27, 2001) ("The availability of an action in state court constitutes an adequate alternative remedy.") (citing *Jenkins v. Reneau*, 697 F.2d 160, 163 (6th Cir. 1983)). This final factor therefore also weighs in favor of dismissal.

Accordingly, the Court concludes that Encino is a necessary party which cannot be feasibly joined, and in equity and good conscience the Court must dismiss this case pursuant to Rule 19(b).

### III. CONCLUSION

Based on the foregoing, the Motion to Dismiss Complaint, ECF No. 26, is **GRANTED** for failure to join an indispensable party pursuant to Federal Rule of Civil Procedure 12(b)(7). This case is therefore **DISMISSED.** The Clerk is **DIRECTED** to enter judgment in favor of Defendant Nacelle Logistics, LLC.

**IT IS SO ORDERED.**

**Date: August 5, 2022**                            /s/ *Elizabeth A. Preston Deavers*
**ELIZABETH A. PRESTON DEAVERS**
**UNITED STATES MAGISTRATE JUDGE**